IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) ) | CIVIL ACTION NO. |
| PAPA JOHN'S USA, INC., ) ) ) | COMPLAINT |
| Defendant ) ) | JURY DEMAND |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 (hereafter the "ADA") and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Sean Stanley, who was adversely affected by such practice. Plaintiff Equal Employment Opportunity Commission (hereafter "Plaintiff" or "the Commission") alleges that Defendant Papa John's USA, Inc. (hereafter "Defendant") has violated the ADA by refusing to hire Mr. Stanley because of his impairment, use of a wheelchair.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and 1345. This is an action authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(A), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§2000e-5(f)(1) and (3), pursuant to Section 1977A of the Civil Rights Act of 1991, 42 U.S.C. §11981(a).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Tennessee, Nashville Division.

## PARTIES

3. Plaintiff Equal Employment Opportunity Commission (the "Commission") is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4. At all relevant times, Defendant Papa John's USA, Inc. ("Employer") has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of §101(5) of the ADA, 42 U.S.C. §12111(5), and Section 107(7) of the ADA, 42 U.S.C. §12117, which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §2000e(g) and (h).

6. Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7.  More than thirty days prior to the institution of this lawsuit, Sean Stanley filed a charge with the Commission alleging a violation of the ADA by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.  Since on or about May 12, 2005, Defendant Employer has engaged in unlawful employment practices at its Nashville, Tennessee, facility in violation of ADA Sections 102(a), and (b)(5), 42 U.S.C. §12112(a) and (b)(5). These unlawful practices include failure to hire Sean Stanley because of his disability.

9.  On or about May 12, 2004, Sean Stanley applied for a position at the Nashville, Tennessee, location of Defendant (Store #85).

10. Mr. Stanley was interviewed by Glen Larkins, store manager.

11. Mr. Larkins gave him a tour of the facility and pointed out where Mr. Stanley would work.

12. Mr. Larkins gave Mr. Stanley a company handbook to read in order to learn how to use the computer at the store.

13. Mr. Larkins advised Mr. Stanley to call the following Monday to get his work schedule.

14. Mr. Larkins met with his district supervisor, Mr. Adams, regarding the hiring of Mr. Stanley.

15. When Mr. Adams learned of Mr. Stanley's disability, Mr. Adams told Mr. Larkins not to hire Mr. Stanley.

16. When Mr. Stanley called on or about May 17, 2004, Mr. Larkins advised Mr.

3

Stanley that he would not be hired.

17. The reason given was that Defendant had no openings for part time employees.

18. On or about May 24, 2004, Defendant hired two part-time employees.

19. Between May 30, 2004, and November 4, 2004, Defendant hired eleven part-time employees at the Nashville location where Mr. Stanley applied.

20. The unlawful employment practices complained of in paragraphs 9 - 19 above were and are intentional.

21. The unlawful employment practices complained of in paragraphs 9 - 19 above were and are done with malice or with reckless indifference to the federally protected rights of Sean Stanley and other potential employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in refusal to hire and any other employment practice which discriminates on the basis of disability.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Sean Stanley, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other

4

affirmative relief necessary to eradicate the effects of its unlawful employment practices.

    D.    Order Defendant to make whole Sean Stanley by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 9 - 19 above in amounts to be determined at trial.

    E.    Order Defendant to make whole Sean Stanley by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 - 19 above, including emotional pain, suffering, inconvenience and humiliation, in amounts to be determined at trial.

    F.    Order Defendant to pay Sean Stanley punitive damages for its malicious and reckless conduct, as described in paragraphs 9 - 19 above, in amounts to be determined at trial.

    G.    Grant such further relief as the Court deems necessary and proper in the public interest.

    H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**JAMES L. LEE**
Deputy General Counsel

**GWENDOLYN YOUNG REAMS**
Associate General Counsel

_____
**KATHARINE W. KORES**
Regional Attorney
TN Bar No. 06283

_____
**FAYE WILLIAMS**
Supervisory Trial Attorney
TN Bar No. 11730

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
1407 Union Ave., Suite 621
Memphis, TN 38104
(901) 544-0088

_____
**SALLY RAMSEY**
Senior Trial Attorney
TN Bar No. 18859

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
50 Vantage Way, Suite 202
Nashville, TN 37228
(615) 736-2105